COMMISSIONER OF INTERNAL REVENUE v. WOLF ENVELOPE COMPANY (an Ohio Corporation).

COMMISSIONER OF INTERNAL REVENUE v. Jennie LITTMAN.

COMMISSIONER OF INTERNAL REVENUE v. Alan L. LITTMAN.

COMMISSIONER OF INTERNAL REVENUE v. Elsa L. SELDEN.

COMMISSIONER OF INTERNAL REVENUE v. Rhoda L. AFFELDER.

COMMISSIONER OF INTERNAL REVENUE v. Harry F. AFFELDER.

COMMISSIONER OF INTERNAL REVENUE v. Doris L. LUX.

COMMISSIONER OF INTERNAL REVENUE v. ESTATE of Nathan I. DRYFOOS, Deceased, The First National Bank of Miami, Executor.

Nos. 11639–11646.

United States Court of Appeals Sixth Circuit.

July 21, 1952.

Ellis N. Slack, Washington, D. C., for petitioner.

Daniel W. Loeser, Irwin N. Loeser, Cleveland, Ohio, Mooney, Hahn, Loeser, Keough & Freedheim, Cleveland, Ohio, of counsel, for respondents.

PER CURIAM.

It Is ordered that the petition for review in each of the above-entitled cases be dismissed pursuant to motion of counsel for petitioner. 17 T.C. 471.

Joseph HEPBURN, Appellant, v. UNITED STATES of America, Appellee.

No. 11502.

United States Court of Appeals Sixth Circuit.

July 3, 1952.

Charles A. Cochrane, Cincinnati, Ohio, for appellant.

Ray J. O'Donnell, Cincinnati, Ohio, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and argument of counsel for appellant.

And it appearing that upon arraignment appellant pleaded guilty to the crimes of kidnaping and violation of the Motor Vehicle Act, as charged in the indictment;

And it appearing that at arraignment the court appointed experienced counsel to represent appellant, and that appellant, although apprised that he could change his plea of guilty, failed to change his plea;

And it appearing that subsequent to sentence a petition for writ of habeas corpus was filed by appellant in the United States District Court for the Northern District of Georgia and was dismissed after extensive hearing:

And no reversible error appearing in the record:

The order of the District Court denying appellant's motion to vacate sentence be, and it hereby is, affirmed.